UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Chapter 13

Mary Lou McKnight,                                          Case No. 12-56415-SWR
a/k/a Mary Lew McKnight,
                                                            Hon. Steven W. Rhodes
       Debtor.
_____/

### ORDER AWARDING PRE-CONFIRMATION ATTORNEY FEES

This matter is before the Court upon a remand from the United States District Court. The Court enters this order, after a hearing on the remand, awarding pre-confirmation attorney fees for the attorney for the Debtor in this Chapter 13 case. The background is as follows.

On July 12, 2012, the Debtor filed this Chapter 13 case. B.O.C. Law Group, P.C. ("Law Firm") filed the Chapter 13 case for the Debtor. On October 13, 2012, the Court confirmed the Debtor's Chapter 13 plan.

On October 22, 2012, the Law Firm filed an application (ECF No. 41) for pre-confirmation attorney fees in the amount of $5,317.18 and reimbursement of costs in the amount of $176.30. On November 9, 2012, the Chapter 13 Trustee filed an objection (ECF No. 44) to the Law Firm's application. There are five paragraphs in the Trustee's objection. The first paragraph objects to the "overall excessiveness" of the Law Firm's application. The second paragraph requests the Court to reduce the Law Firm's fees by 20% to address the "inherent" duplication of the Law Firm's services because four different attorneys at the Law Firm worked on this case. The third paragraph objects to one specific time entry for services that the Trustee described as "clerical services." The fourth paragraph objects to services that were "unnecessary." Finally, the fifth paragraph objects that the attorney at the Law Firm who attended the confirmation hearing did not pro rate his fee for

attending the confirmation hearing, although he attended other confirmation hearings in court on the same day.

On December 19, 2012, the Court held a hearing on the Law Firm's application and the Trustee's objections. The Court found that there was "substantial merit" to the Trustee's objections. As a result, the Court reduced the Law Firm's fees and awarded only $3,500.00 of fees and $176.30 for reimbursement of costs. On January 2, 2013, the Court entered an order (ECF No. 50) memorializing its ruling.

On January 15, 2013, the Law Firm filed a notice of appeal to the United States District Court. On September 11, 2013, the United States District Court issued an opinion and order ("Opinion") in the United States District Court case no. 13-10580 reversing the bankruptcy court's order awarding fees. The Opinion held that

> Here, even though the bankruptcy judge expressly found merit in the Trustee's objections, this generic nature of his analysis is insufficient because, on review, this Court is unable to determine which objections were adopted and how those objections impacted the calculation. A discussion of the reasonable hours and fee rate is necessitated by binding Sixth Circuit case law. Further, a specific, enumerated calculation must be part of the record for compliance with lodestar.

(Opinion, p. 6.) The Opinion concluded by remanding the case to the Bankruptcy Court for the purpose of conducting "further proceedings in accordance with In re Boddy." (Opinion, p. 6.)

On October 22, 2013, the Court held the hearing on remand.[1] The Trustee pointed out that this was a relatively simple case, with the Debtor on a fixed income, with a 36 month plan, and a zero distribution to unsecured creditors. The Trustee asserted that the case did not involve any difficult or complex issues. The Trustee objected to the reasonableness of the time expended by the

---

[1] Although this case is assigned to Judge Rhodes, and Judge Rhodes presided at the hearing on the Law Firm's fee application on December 19, 2012, the hearing on remand was heard by Judge Shefferly. The reason for this is that the Bankruptcy Court entered Administrative Order no. 13-12 on August 14, 2013, which provided for Judge Rhodes' Chapter 13 cases to be heard by the other bankruptcy judges in this district during the time that Judge Rhodes is hearing the City of Detroit, Michigan Chapter 9 bankruptcy case.

Law Firm in light of its level of experience and skill, and in light of the absence of any complex or difficult issues in this case. In response to questions from the Court, the Trustee identified specific time entries in the Law Firm's application that the Trustee considers to be unreasonable. The attorney appearing for the Law Firm responded to the Trustee's arguments, arguing that the Law Firm's time entries reflected time that was actually expended and that the time entries were reasonable in this case.

Pursuant to the direction of the Opinion, the Court must apply the lodestar analysis required by the Sixth Circuit Court of Appeals in In re Boddy. 950 F.2d 334 (6th Cir. 1991). Under the lodestar analysis required by In re Boddy, "the court will arrive at an attorney's fee by first determining the 'lodestar' amount, which is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended." Id. at 337 (internal quotation marks and citations omitted).

The Trustee does not raise an objection to the reasonableness of the hourly rate of the attorneys at the Law Firm. The Court also observes that the hourly rates charged by the attorneys at the Law Firm are, based upon the Court's experience, within the range of reasonableness for attorneys of similar skill and experience and are consistent with the rates charged by the Law Firm in its other cases before this Court. Therefore, in applying the lodestar analysis from In re Boddy, the pivotal issue is the reasonableness of the hours expended by the Law Firm.

As noted, paragraph 1 of the Trustee's objections relates to what the Trustee describes as the "overall excessiveness" of the Law Firm's application. At the hearing on remand, the Court specifically inquired which services the Trustee considered to be unreasonable in light of the Trustee's observation that this was a relatively straight forward, simple case, without difficult or complex issues. In response, the Trustee first identified 11 hours of charges in the Law Firm's application for "office conferences" between attorneys at the Law Firm and the Debtor. The Trustee

requests that these 11 hours be reduced to 5 hours, and that a reduction of 6 hours at $270.00 per hour be made in the amount of $1,620.00. The Law Firm responds that the time charged was actually expended with the Debtor, that every client is different, and that the time expended was reasonable for this particular Debtor.

The Court understands that every client is different. Some clients require more time than others to deal with the very same issues. Some clients have lots of questions, but others do not. No doubt that explaining the issues to a client, and answering all of their questions, all takes time, but it also requires that some judgment be made about what is reasonable in each case, depending on the factual and legal issues in such case. In looking at the specific hours described as "office conferences" in the Law Firm's application in this case, the Court tends to agree with the Trustee that the time spent by the Law Firm in meeting with the Debtor in this case was unreasonable in light of the nature of this case, which presented no complex or difficult issues.

William Orlow, the most senior attorney at the Law Firm, first met with the Debtor on June 20, 2012 for 2 hours at $270.00 per hour. Just over a week later, Mr. Orlow met again with the Debtor on June 28, 2012 for another hour at $270.00 per hour. Three hours of meetings is certainly not unreasonable, and the Court would ordinarily not disallow any of those hours. However, just over a week after Mr. Orlow's second meeting with the Debtor, Jason Cardasis, another senior attorney at the Law Firm, met with the Debtor on July 9, 2012 for 2 hours. One week later, on July 16, 2012, Mr. Cardasis again met with the Debtor, this time for 2.5 hours. The description of the time from those meetings looks very much like the description of the time from Mr. Orlow's meetings. Mr. Cardasis, like Mr. Orlow, is a very skillful and experienced attorney. Like Mr. Orlow, his hourly rate is also $270.00. The Debtor was now four days into her Chapter 13 case and already incurred charges of $2,025.00 for 7.5 hours meeting with the two senior attorneys at the Law Firm without a plan or schedules having been filed, and without attending either a § 341

-4-

meeting or a hearing in court. That's not reasonable. Neither the Law Firm's application nor the Law Firm's explanation at the October 22, 2013 hearing sufficiently account for why so many meetings with the two most senior attorneys at the Law Firm were necessary at the outset of such a straight forward, simple Chapter 13 case. The Court considers half of these hours to be excessive and will therefore reduce each of these "office meeting" time entries by 50%, for a total reduction of $1,012.50.

The Trustee also objects to the charges for office meetings between the attorneys at the Law Firm and the Debtor once the case was filed. However, the Court has examined the other entries in the application that describe office meetings and does not find that they are excessive or otherwise unreasonable.

The Trustee also identifies a time entry relating to the preparation of documents that the Trustee considers to be unreasonable. On August 14, 2012, the Debtor filed schedules and a plan. One week later, on August 21, 2012, Corey Carpenter, another experienced and skillful attorney at the Law Firm, charged 2.5 hours to prepare and draft a first amended plan and amended schedules E, F and J. The Trustee argues that all this time was unnecessary because it was due to attorney error in the preparation of the original plan and the original schedules. The Trustee points out that the original plan called for a lien strip of the first mortgage on the Debtor's personal residence. It's true that this is not permissible under § 1322(b)(2) of the Bankruptcy Code. However, the amended plan did not correct this problem. Similarly, the original plan called for a cramdown on the Debtor's vehicle in an amount different than was set forth in the Debtor's schedules. Again, the amended plan did not correct that problem. The only changes in the amended plan from the original plan, were to reduce the plan payment because the Debtor filed an amended schedule J to add property taxes and insurance that were improperly left off the original schedule J, and to change the amount of a priority claim held by the IRS. In appears to the Court that all of the changes made by the

-5-

12-56415-mar    Doc 76    Filed 10/31/13    Entered 10/31/13 09:50:07    Page 5 of 7

amended plan and schedules were occasioned solely because of mistakes made in the original plan and schedules filed one week earlier. Given the amount of time that the Law Firm's attorneys spent in meetings with the Debtor, and having no real explanation in the record for these errors, the Court agrees with the Trustee that the amended plan and schedules would have been unnecessary if the original plan and schedules were properly completed to begin with. The Court agrees with the Trustee that the 2.5 hours on August 21, 2012 for the preparation of amended plan and schedules is unreasonable in these circumstances. The Court will disallow the $675.00 charge for August 21, 2012.

The Trustee's written objections also point out that there was a $27.00 charge on July 16, 2012 for clerical services that should not be allowed. The Court agrees. The Trustee also points out that there is a charge of $81.00 on July 26, 2012 to prepare and file a motion to extend the deadline to file schedules. The Trustee argues this should not be allowed because no extension was necessary, since the Debtor had already signed the required documents on July 16, 2012. The Court agrees.

The last specific time entry identified by the Trustee as objectionable is the time entry on October 10, 2012 in the amount of $225.00 for attending the confirmation hearing. The Trustee argues that the Law Firm did not pro rate its time, but there is insufficient information in the record for the Court to make any findings one way or the other. Absent such information, the Court finds that the one hour charged for attendance at the confirmation hearing is not an unreasonable amount. Therefore, the Court will not disallow it.

Finally, the Trustee argues for an "across the board" reduction of 20% based on "inherent duplication." This is precisely the type of generalized, non-specific analysis that the Opinion found to be in violation of <u>Boddy</u>. The Court therefore rejects this argument.

-6-

12-56415-mar    Doc 76    Filed 10/31/13    Entered 10/31/13 09:50:07    Page 6 of 7

As directed by the District Court in the Opinion, the Court must now perform a calculation that provides for multiplication of the reasonable hourly rates by the reasonable hours expended. The hourly rates charged by the Law Firm are reasonable. The time charged by the Law Firm for "office conferences" on the following dates is not reasonable and, therefore, is reduced by 50%: June 20, 2012, June 28, 2012, July 9, 2012 and July 16, 2012. The amount of this reduction is $1,012.50. The time expended by the Law Firm on August 21, 2012 for an amended plan and schedules is not reasonable and, therefore, is disallowed. That reduction is $675.00. The time charged by the Law Firm on July 16, 2012 for clerical services is disallowed. That reduction is $27.00. The time charged by the Law Firm to file a motion to extend on July 26, 2012 is unreasonable. That reduction is $81.00. The total of all of the reductions made by the Court is $1,795.50. Multiplying the hourly rates charged by the Law Firm by the remaining hours described in the Law Firm's application, which the Court finds are reasonable hours, produces a fee of $3,521.68. The Court allows the Law Firm's fee application in that amount and allows reimbursement of costs in the amount of $176.30.

**IT IS SO ORDERED.**

**Signed on October 31, 2013**

                                                    /s/ Phillip J. Shefferly
                                                 **Phillip J. Shefferly**
                                                 **Chief Bankruptcy Judge**
                                                 **Acting in the absence of**
                                                 **Judge Rhodes**